UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:20-CR-052 JD |
| | ) | |
| MICHAEL LANE CLOSSON (1) | ) | |

ORDER

No objections have been filed to the magistrate judge's findings and recommendation upon a plea of guilty issued on August 5, 2020 [DE 15]. The court finds that the change of plea, conducted via VTC, complies with Section 15002(b)(2)(A) of the CARES Act. First, the defendant consented to the video hearing after consultation with counsel. [DE 14]. Next, pursuant to General Order 2020-20, at the time of the change of plea hearing the Chief Judge of the district had concluded that in-person hearings could not be conducted without seriously jeopardizing public health and safety as a result of the current Covid-19 pandemic. Finally, the court determines that the plea in this case cannot be further delayed without serious harm to the interests of justice.

While our courts reopened on a limited basis to in person hearings on June 1, 2020, the spread of the virus continues. To protect the health and safety of all involved, including our defendants, it remains prudent to limit in person hearings. Regardless, the interests of justice demand that the defendant have access to the courts, to exercise his legal rights, and to achieve a disposition without unnecessary delay. Accordingly, the court now ADOPTS those findings and recommendations, ACCEPTS defendant Michael Lane Closson's plea of guilty, and FINDS the defendant guilty of Counts 1 and 2 of the Information, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 7201.

Any objections a party submits to the probation officer in response to the draft Presentence Report must specifically identify the basis of the objection and any supporting authority. Should the Addendum to the final Presentence Report reflect any outstanding objections by a party, that

party must specifically state in its sentencing memorandum whether it maintains that objection. If so, the party must identify the basis and authority for its objection and, where applicable, any evidence the party expects to offer in support of that objection. The party should also state if, consistent with Rule 32(i)(3)(B), it does not believe a ruling on that objection will be necessary.

SO ORDERED.

ENTERED: August 20, 2020

/s/JON E. DEGUILIO
Chief Judge
United States District Court